United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ALVARO ANIBAL GARCIA-ARIAS §
　§
　Plaintiff §
VS. § CIVIL ACTION NO. 7:16-CV-437
　§ Criminal No. 7:15-cr-619
UNITED STATES OF AMERICA §

## OPINION AND ORDER

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] filed by Petitioner Alvaro Anibal Garcia-Arias ("Petitioner") to which the Government responded with a Motion for Summary Judgment.[2] After considering the Petitioner's motion, the Government's motion for summary judgment and applicable law, the Government's motion is GRANTED and the Petitioner's motion is DISMISSED.

I.　Brief Background

Petitioner was charged and convicted of violating 8 U.S.C. 1326. He was subsequently sentenced to a term of imprisonment which he is currently serving. Petitioner's judgment is now final as he did not appeal his judgment and the time for appeal has now expired. In the instant motion, Petitioner asserts he is entitled to relief pursuant to *Johnson v. United States*.[3]

II.　Discussion

Under Title 28, United States Code, Section 2255 a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."[4] Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."[5]

Here, Petitioner claims relief pursuant to *Johnson v. United States*.[6] Because Petitioner raises a constitutional challenge to his sentence, his motion is properly asserted pursuant to 28 U.S.C. § 2255. However, Petitioner's motion fails for two reasons.

---

[1] Dkt. No. 1.
[2] Dkt. No. 6.
[3] 135 S. Ct. 2552 (2016).
[4] 28 U.S.C. § 2255.
[5] *Id*.
[6] 135 S.Ct. 2551 (2015).

In *Johnson v. United States,* the Supreme Court found the "residual clause" of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague[7] and then in *Welch v. United States*[8] the Supreme Court held that the *Johnson* holding should be applied retroactively.  Thus, a prisoner sentenced pursuant to the ACCA may be entitled to relief.  Significant to the Court's decision here, Petitioner was not sentenced under the ACCA.  Rather, Petitioner was convicted of violating 8 U.S.C. § 1326 and was sentenced pursuant to that statute. To the extent Petitioner claims the *Johnson* holding is applicable to sentencing guideline enhancements based on the crime of violence definition found in 18 U.S.C. § 16(b), the Fifth Circuit very recently rejected that argument in *United States v. Gonzalez-Longoria*.[9]  Furthermore, Petitioner did not receive a 18 U.S.C. § 16(b) enhancement. Therefore, *Johnson* does not afford Petitioner any relief.

III.   Conclusion

It is clear from the face of Petitioner's Motion, as well as the record as it currently stands, that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Government's motion for summary judgment is GRANTED and Petitioner's Motion to Correct, Vacate, or Set Aside Sentence is DISMISSED. Additionally, should Petitioner seek a certificate of appealability, such is DENIED.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of February, 2017.

_____
Micaela Alvarez
United States District Judge

---

[7] *Id*.
[8] 136 S.Ct. 1257 (2016).
[9] No. 15-40041 (Fifth Circuit filed August 5, 2016).